FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# IN THE UNITED STATES DISTRICT COURT
## FOR STATE OF MARYLAND
### (Greenbelt Division)

2009 MAR -6 ℗ 2: 14

CLERK'S OFFICE
AT GREEN

**CARL CREWS**                                        \*
**7710 Allentown Farm Court**
**Fort Washington, Maryland 20744**              \*.

        **Plaintiff,**                              \*

   **vs.**                                                 \*   **Civil Action No.**

**National Credit Systems, Incorporated**        \*
**Serve: Registered Agent/ DOS Process**
      **Mark Krassner, Esquire**              \*   **PJM 09 CV 0560**
      **450 Fifth Avenue, Suite 1608**
      **New York, New York 10123**         \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

Plaintiff Carl Crews and brings this Complaint against Defendant, National Credit

Systems on the grounds and in the amounts set forth herein:

### I. Preliminary Statement

This is an action arises out of the facts and circumstances surrounding Defendant's

reporting of an alleged debt owed to Depo Depot in the amount of $4,762.84 to the three major

Consumer Reporting Agencies (Experian, Transunion and Equifax). Plaintiff asserts  violations

of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 *et. seq* by this Defendant. Plaintiff

seeks an award of actual, statutory, and punitive damages, as well as, costs associated with this

lawsuit and any other relief that the Court deems appropriate.

### II. Parties

1.     Plaintiff Carl Crews is a resident of the State of Maryland.

2.    Upon information and belief, defendant, National Credit Systems Inc., (herein after referred to as National) is a debt collection company and is listed by the State of New York as a Domestic Business Corporation.

### III. Jurisdiction & Venue

3.    This action arises under the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*

4.    This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §1331.

5.    This court has diversity jurisdiction pursuant to 28 U.S.C. §1332 as well in that the Plaintiff is a Maryland citizen and the Defendant is a New York Corporation.

6.    Pursuant to 28 U.S.C. §1391 venue is proper in this Court as it is the judicial district wherein the plaintiff resides.

### IV. Factual Allegations

7.    Defendants have been reporting derogatory and inaccurate statement and information relating to plaintiffs credit history to third parties (hereinafter referred to as the "inaccurate information").

8.    The inaccurate information includes, but is not limited to, a collection account individual account for $4,762.00, original creditor Depo Depot.

9.    The inaccurate information negatively reflects upon the Plaintiff, to wit, his credit repayment history, financial responsibility as a debtor and credit worthiness. The inaccurate information consists of an account that inaccurately shows the status of said account an collection account.

10.     Consumer Reporting Agencies have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

11.     Plaintiff has repeatedly disputed the inaccurate information with said Defendant by both oral and written communications with their representatives and by following their established procedure for disputing consumer credit information.

12.     Plaintiff has repeatedly disputed the inaccurate information with the Defendant and the orginial creditor. To date, Defendant National has failed to correct the inaccurate information in its files and intentionally shares such with Consumer Reporting Agencies: Experian , Equifax and Transunion.

13.     Notwithstanding Plaintiff's efforts, Defendant National has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and have continued to publish and disseminate such inaccurate information.

14.     Despite Plaintiff's exhaustive efforts to date, Defendant National has nonetheless deliberately, willfully, intentionally, recklessly and negligently and repeatedly failed to perform reasonable rein-investigations of the above disputes, based on information provided to them by the Plaintiff, as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory' inaccurate information about the Plaintiff.

15.     Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions. Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiffs credit reports and that the

inaccurate information was a substantial factor for those denials.

16.     Plaintiffs' credit reports and file have been obtained from Experian,

Equifax and Transunion and have been reviewed many times by prospective and existing credit

grantors and extenders of credit, and the inaccurate information has been a substantial factor in

precluding Plaintiff from receiving many different credit offers and opportunities, known and

unknown, and from receiving the most favorable terms in financing and interest rates for credit

granters.

17.     As a result of Defendants' conduct, Plaintiff has suffered actual damages

and serious financial and pecuniary harm arising from monetary losses relating to credit denials,

loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate

and finance charges, out-of-pocket expenses including, but not limited to, local or long distance

telephone calls, postage, faxing and other related costs, all of which will continue into the future

to Plaintiff' great detriment and loss.

18.     As a result Defendants' conduct, Plaintiff has suffered great physical, emotional

and mental pain and anguish, and plaintiff will continue to suffer the same for an indefinite time

in the future, all to plaintiffs great detriment and loss.

19.     As a result of Defendant' conduct, Plaintiff has suffered actual damages in

the form of financial and emotional harm arising from the, injury to credit rating and reputation,

and Plaintiff will continue to suffer the same for an indefinite time in the future, all to

Plaintiffs great detriment and loss.

20.     As a result of Defendant's conduct, Plaintiff has suffered a decreased credit score as a result of multiple inquiries appearing on plaintiffs credit file.

21.     At all times pertinent hereto, Defendant's agents existed in a corporate agency relationship with one another.

22.     At all times pertinent hereto, Defendants were acting by and through their agents servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant named herein,

23     At all times pertinent hereto, the conduct of the Defendant Suntrust, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard thereof Plaintiff's rights under the FRCA.

## VI. CLAIMS
## COUNT 1-FAIR CREDIT REPORTING ACT- Plaintiff v. National Credit Systems

24.     Plaintiff incorporates the foregoing paragraphs 1-23 as though fully the same were set forth at length herein. At all times pertinent hereto, Defendant National Credit Systemswas a "person" as that term is defined by 15 U.S.C. §1681a(b).

25.     Defendant National Credit Systems violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2:

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(b) willfully and negligently failing to review all relevant information concerning Plaintiffs account and failing to report the results of investigations to the relevant consumer reporting agencies;

© willfully and negligently failing to report the results of investigations to the relevant consumer credit reporting agencies;

(d) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff;

(e) willfully and negligently failing to provide any and all credit reporting agencies with the factual information and evidence that plaintiff submitted to defendants *and* which proved that information concerning the plaintiffs credit reports was inaccurate;

(f) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the plaintiff to credit reporting

(g) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C., §1681s-2;

(h) willfully and negligently accessing a plaintiff's credit file for an impermissible purpose; and

(I) willfully and negligently obtaining plaintiffs credit file through the use of false pretenses or knowingly without a permissible purpose in violation of 15 U.S.C. § 1681q.

26.     Defendant National's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above.

27.     As a result of Defendant National's violation of the FCRA, the Plaintiff' was damaged in the full amount of the debt that Defendant National's reports which is owed as well as missed credit opportunities. Based upon the gross disregard of the Plaintiff's rights under the FCRA, substantial punitive damages must be imposed.

WHEREFORE, based upon Defendant National Credit Systems repeated failure to correct said inaccurate information, against the Plaintiff, Defendant National Credit Systems demonstrates a pattern and practice of violating statutes enacted for the protection of consumers and consumer credit. Pursuant to 15 U.S.C. §1681n, Plaintiff seeks actual damages to the amount reported to Defendants Equifax , Experian and Transunion which is ($4,762.00) Five Hundred Thousand Dollars (500,000.00) in punitive dames, statutory damages in the amount of $1,000, along with court costs, as well as such other relief as this Court deems appropriate.

## **Prayer for Relief**

WHEREFORE, the Plaintiff prays for judgment against each Defendants as

follows:

a.      Actual Damages ($4,762.00) as proven to the Court by competent evidence and/or Statutory damages in the amount of $1,000.00, whichever is greater

b.      Punitive damages ($500,000.00)

c.      Fees and costs in seeking such relief;

d.      An order directing that Defendants immediately delete all of the inaccurate information from Plaintiffs credit reports and files and cease reporting the inaccurate information.

e.      An order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information, within the last three years, Plaintiffs updated and corrected report information; and

f.      all such other relief as this Court deems Just and Proper.

RESPECTFULLY SUBMITTED,

Carl Crews.

(703) 585-9008

## Jury Demand

The Plaintiff demands a Trial by Jury on all issues contained herein.

Respectfully Submitted,

CARL CREWS (Pro Se)